[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-11438
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00081-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE BERNARDO BARRAGAN,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------

**(May 16, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jose Bernardo Barragan appeals his 262-month sentence, imposed pursuant

to his guilty plea, for possession with intent to distribute five kilograms or more of

cocaine, in violation of 46 U.S.C. App. § 1903(a) & (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. No reversible error has been shown; we affirm.

We are aware that Barragan's written plea agreement contains a sentence appeal waiver. The government suggests that Barragan waived the right to appeal his sentence based on the plea agreement and on his "obvious close familiarity with" the agreement. But, at the guilty plea hearing, the magistrate judge did not indicate expressly that Barragan was waiving the right to appeal his sentence under most circumstances: the appeal waiver, indeed, was not mentioned at all. See United States v. Bushert, 997 F.2d 1343, 1351-53 (11th Cir. 1993) (declining to determine that defendant knowingly and voluntarily waived right to appeal sentence where it was "not manifestly clear that [defendant] understood he was waiving his appeal rights"). We cannot say, on this record, that the government could carry its burden of showing that Barragan knowingly and voluntarily waived the right to appeal his sentence. We, thus, consider the merits of Barragan's appeal.

Barragan argues that, under United States v. Booker, 125 S.Ct. 738 (2005), the district court violated his Fifth and Sixth Amendment rights by applying the Sentencing Guideline range in a mandatory fashion and by failing to consider its

2

authority to "depart downward" from the prescribed sentencing range.  We review constitutional challenges to a sentence de novo.  United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005).  Barragan was sentenced after Booker was decided: nothing in the record indicates that the district court misunderstood its authority to apply the Sentencing Guidelines in an advisory, rather than a mandatory, fashion.  See Booker, 125 S.Ct. at 767 (instructing that, although district courts are not bound to apply the guidelines, district courts must consult the guidelines and take them into account).  And Barragan presented several possible mitigating factors during sentencing: his age, health, family situation, and economic situation.  The district court simply rejected these factors in favor of the guideline sentence.  No constitutional error occurred.

AFFIRMED.